UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20618-CIV-WILLIAMS/MCALILEY

JORGE A. ESPINOSA,

    Plaintiff,

v.

AMERICAN SECURITY INSURANCE
COMPANY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION OF DISMISSAL

Diego Valdes, Esq., represents Plaintiff, Jorge A. Espinosa, in this breach of contract action. Plaintiff first filed suit against Defendant, American Security Insurance Company, in the Circuit Court of the Eleventh Judicial Circuit in Miami-Dade County, Florida. (ECF No. 1). According to the Complaint, Defendant failed to compensate Plaintiff for damages to his home, which are covered by a homeowners insurance policy Defendant issued to Plaintiff. (ECF No. 1-1 at 66-70). Defendant removed the case to this Court in March 2022. (ECF No. 1).

That same month Defendant served Plaintiff with several discovery requests; specifically, a Second Request for Production, First Set of Interrogatories, and First Request for Admissions. *See* (ECF Nos. 10-1, 10-2, 10-3).[1] The deadline for Plaintiff to

---

[1] The certificates of service on those discovery requests are dated January 28, 2022, when the matter was pending in the Florida Court. At the June 8, 2022 hearing, Defendant's counsel advised

respond to those requests was April 18, 2022. *See* (ECF No. 12). Plaintiff produced no responses. Immediately after the deadline passed, Defendant's counsel, Diana Castiov, attempted to contact Plaintiff's counsel to follow up on the outstanding discovery requests. (ECF No. 10). Mr. Valdes did not respond. (*Id.*).

The parties did not reach an agreement regarding the issue until May 3rd, at which time they agreed to extend the deadline to May 17th. (*Id.*). That deadline passed, and again, Mr. Valdes provided nothing to Ms. Castiov regarding Defendant's discovery requests. For several days Ms. Castiov tried to contact Mr. Valdes about it, but she received no response. (*Id.*).

On June 3rd, Ms. Castiov filed a notice with the Court about the discovery dispute, (ECF No. 10), and I ordered the parties to attend a telephonic discovery hearing on June 8, 2022. (ECF No. 11). The docket confirms that that Order was delivered to Mr. Valdes via the email address he gave the Court. Ms. Castiov appeared at the hearing; Mr. Valdes did not.

After the hearing, I issued a written Order that required Plaintiff to serve Defendant with complete responses to its discovery requests no later than June 13, 2022. (ECF No. 12).  The Court does not know if Plaintiff complied with that aspect of the Order. I further ordered Mr. Valdes to, by that same deadline, file a memorandum that shows cause why he should not be held in contempt for failure to attend the hearing. (*Id.*). Nearly a

---

that she re-served this discovery in March 2022.

month has passed since I issued that Order, and Mr. Valdes has not filed a response.

Defendant's counsel recently filed Notice of Scheduling Mediation that states that Mr. Valdes failed to respond to her repeated attempts to contact him to confer about mediation. (ECF No. 14 n.1). Ms. Castiov filed that Notice in compliance with the Court's Scheduling Order, which requires the parties to file a joint notice of mediation that states who they selected as the mediator and the parties' agreed time, date, and place for mediation, and to do so no later than June 24, 2022. (ECF No. 9 at 3-4). Defendant attached to the Notice email correspondence between Defendant's counsel and Mr. Valdes, that references a telephone conversation between them on June 23, 2022. (ECF No. 14-1). One of the emails states: "When we spoke yesterday, I informed you that the Court ordered deadline was today & we needed to file a Joint Notice of Mediation.... You said you would get back to us but we have not heard back from you yet." (*Id.* at 2, email dated June 24, 2022, at 12:06 p.m.).

Rule 16(f) of the Federal Rules of Civil Procedure states: "On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; ... or (C) fails to obey a scheduling order or other pretrial order." Fed. R. Civ. P. 16(f)(1). Rule 37(b)(2)(A)(ii)-(vii) provides a list of sanctions, which includes "dismissing the action or proceeding in whole or in part". Fed. R. Civ. P. 37(b)(2)(A)(v).

Mr. Valdes has failed to obey several Orders of this Court. First, he failed to appear at the June 8, 2022 discovery hearing. Second, he did not file a memorandum by June 13,

2022 (and still has not) that explains why he should not be held in contempt for failure to attend that hearing. Third, he did not confer with Ms. Castiov to select a mediator, time, date, and place for mediation, and jointly file a notice scheduling mediation, as the Court's Scheduling Order requires. Mr. Valdes also failed to timely produce complete responses to Defendant's discovery requests. This has caused unreasonable delay, and Mr. Valdes offers no explanation (or apology) for his conduct.

"The sanctions contained in Rule 16(f) were designed to punish lawyers and parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (citing *In re Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). It appears that Mr. Valdes is now completely neglecting his responsibilities as Plaintiff's counsel. The Court's repeated efforts to communicate with Mr. Valdes have been unsuccessful. On this record, I know of no lesser sanction that the Court might impose, that will provoke Mr. Valdes to respond to the Court, and Defendant's counsel, short of dismissal of this action without prejudice. I do not go so far as to recommend dismissal with prejudice, as "dismissal with prejudice is a drastic sanction that may be imposed only upon finding a clear pattern of delay or willful contempt and that lesser sanctions would not suffice." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1340 (11th Cir. 2005) (citations omitted).

For these reasons, I RESPECTFULLY RECOMMEND that the Court **dismiss this action without prejudice.**

**No later than fourteen days from the date of this Report and Recommendation**

the parties may file any written objections to this Report and Recommendation with the Honorable Kathleen M. Williams, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULLY RECOMMENDED in Miami, Florida this 5th day of July 2022.

_____
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc:   Honorable Kathleen M. Williams
      Counsel of record